UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMETRIUS JACKSON                                                                    Plaintiff

v.                                                                  Civil Action No. 3:22-CV-P240-RGJ

MIKE SIMPSON, *et al.*                                                               Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

**I. SUMMARY OF COMPLAINT**

When Plaintiff Demetrius Jackson initiated this action he was incarcerated as a pretrial detainee at Oldham County Detention Center (OCDC).[1] He brings this action against OCDC Jailer Mike Simpson and OCDC Lieutenant "John Doe." Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff alleges that he was attacked by two inmates after being moved from the isolation unit at OCDC to a general population housing unit by Defendant Doe. Plaintiff alleges that during this attack his right index finger was broken. Plaintiff states that after the attack Defendant Doe returned Plaintiff to the isolation unit. Plaintiff alleges that he then informed Defendant Doe that he was not supposed to be around the inmates that had attacked him and that there was a "keep separate between us." Plaintiff states that, in reply, Defendant Doe then told him that the "main inmate involved in the [] assault [had] submitted a special request with OCDC . . . stating that he

---

[1] Plaintiff has filed a notice of change of address indicating that he is now incarcerated at FCI-McDowell.

and [Plaintiff] had previous conflict" and requested that he and Plaintiff not be housed in the same unit.  Plaintiff states Defendant Doe further stated that that inmate "would not get into any trouble because it was the jail's fault that they moved me into that dorm . . . ."

Plaintiff states that on the following day OCDC medical staff x-rayed his finger, determined that it was broken, and informed him that he would be scheduled for a doctor's appointment.  Plaintiff states that the doctor's appointment was about a month later and that the doctor told him that because he had waited too long to come in, "his finger had already started to heal, it would remain dislocated but it would heal."

Plaintiff asserts that these allegations show that Defendant Doe violated his Eighth and Fourteenth Amendment rights by being deliberately indifferent to Plaintiff's safety by placing him in a housing unit with an inmate with whom he had a known "keep separate."

Plaintiff asserts that Defendant Simpson violated Plaintiff's constitutional rights when he learned "of the [] incident and the actions of [Defendant Doe] and failed to discipline him." Plaintiff states that Defendant Simpson is also being sued for "supervisory liability."

As relief,  Plaintiff seeks damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an

advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Simpson and Doe are actually against their employer, which is Oldham County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The complaint contains no indication that any alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Oldham County. Accordingly, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Simpson

Plaintiff seeks to hold Defendant Simpson liable under a theory of supervisory liability because he allegedly failed to discipline Defendant Doe after Plaintiff's assault. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting S*alehpour*

5

*v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). At a minimum, a plaintiff must show that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Combs v. Wilkinson*, 315 F. 3d 548, 558 (6th Cir. 2002).

Courts have held that a supervisor's failure to discipline an officer after his alleged participation in the violation of a plaintiff's constitutional rights does not meet this standard. *See, e.g.*, *Hubbard v. Braley*, No. 2:21-CV-11421, 2022 U.S. Dist. LEXIS 94800, at *3-4 (E.D. Mich. May 26, 2022) (dismissing claim against a deputy warden who the plaintiff asserted had failed to discipline various officers for the alleged violations of the plaintiff's constitutional rights) (citing *Walker v. Norris* 917 F.2d 1449, 1457 (6th Cir. 1990)); *Stanton v. Butler Cnty. Sheriff's Dep't*, No. 1:15-cv-149, 2015 U.S. Dist. LEXIS 66553, at *7 (S.D. Ohio Apr. 24, 2015) (holding no constitutional claim against sheriff who did not discipline an officer after he had allegedly used excessive force against the plaintiff).

For these reasons, the Court will dismiss Plaintiff's individual-capacity claim against Defendant Simpson.

### 2. Defendant Doe

Upon consideration, <u>the Court will allow a Fourteenth Amendment failure-to-protect claim to proceed against Defendant Doe in his individual capacity</u>. The Court, however, will dismiss Plaintiff's Eighth Amendment claim against Defendant Doe because the Eighth Amendment does not apply to pretrial detainees. *See, e.g.*, *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022) ("Because [the plaintiff] was a pretrial detainee at the time of the events in

questions, her claims are governed by the Fourteenth Amendment, rather than the Eighth.") (citations omitted).[2]

However, as to this continuing claim, Plaintiff is advised that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because the Court is required to screen the complaint prior to service, the Court will allow Plaintiff 90 days from the entry date of this Order to file an amended complaint in which he identifies Defendant Doe. Plaintiff may seek information on the identity of Defendant Doe through a subpoena served on OCDC.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1) Plaintiff's official-capacity claims against both Defendants, his individual-capacity claim against Defendant Simpson, and his individual-capacity Eighth Amendment claim against Defendant Doe are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[2] In *Palladeno v. Mohr*, No. 20-3587, 2021 U.S. App. LEXIS 27471 (6th Cir. Sept. 13, 2021), the Sixth Circuit observed as follows:

> The presence of John Doe defendants is not fatal to a claim. "Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985) (unpublished table decision) (citing *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982)); *see also Oruche v. Ficano*, 165 F.3d 28 (6th Cir. 1998) (unpublished table decision) (holding that the district court abused its discretion granting summary judgment before allowing plaintiff to learn the identity of John Doe defendants through discovery) . . . .

*Id*. at *7 n.3

2) Because no claims remain against him, the **Clerk of Court** is **DIRECTED to terminate Defendant Simpson** as a party to this action.

3) **Plaintiff has 90 days from the entry date of this Order within which to move to amend his complaint to identify Defendant Doe or show good cause for his failure to do so**. Plaintiff is put on notice that his failure to meet the requirements of the Federal Rules of Civil Procedure could result in dismissal of his continuing claim against Defendant Doe and, therefore, this action.[3]

4) The **Clerk of Court** is further **DIRECTED to send Plaintiff a subpoena form with this case number**.[4]

Date: March 2, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Simpson
    Oldham County Attorney
A961.011

---

[3] This Order shall in no way constitute a determination that Plaintiff's claims against any later named Defendant would be timely.

[4] The Court provides the following guidance to the *pro se* Plaintiff for completing the subpoena form: (1) in the first portion of the subpoena where there is a blank line after the word "To," Plaintiff must write or type the name of the person or entity to whom the subpoena is directed, *i.e.*, the name of the person or entity that he wishes to obtain the materials from, which is presumably OCDC; (2) Plaintiff must describe the materials he seeks to obtain; and (3) in the boxes where it states "Place" and "Date and Time," Plaintiff must write where he wants OCDC to produce the materials, which is presumably Plaintiff's mailing address, and the date and time he wants this done.